UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re | |
|---|---|
| JEAN M. VASQUES, | Chapter 7<br>Case No. 05-11994-RS |
| Debtor | |

## MEMORANDUM OF DECISION
## REGARDING TRUSTEE'S OBJECTION
## TO DEBTOR'S EXEMPTION CLAIM

Before the Court is an objection by the Trustee to the Debtor's claim of exemption in residential real property in Stoneham, Massachusetts ("Property"). For the reasons stated below, the Court overrules the Trustee's objection.

## BACKGROUND

The underlying facts in this matter are undisputed and are herein summarized.

On March 17, 2005, the Debtor filed the within Chapter 7 case ("Petition Date"). Before the Petition Date, by deed dated November 22, 1994, the Debtor's parents ("Parents") conveyed the Property to the Debtor and Carol Clark as tenants in common, reserving to themselves a life estate. Thereafter, on February 18, 2005, the Debtor's mother recorded a Massachusetts declaration of homestead in respect of the Property ("Declarant") ("Homestead").

On the Petition Date, the Debtor filed a Form Schedule C, electing the so-called "non-bankruptcy" exemptions and claiming an exemption under Massachusetts state law in a residence with an unspecified address and a claimed exemption value of $115,000 ("Exemption Claim").[1] Thereafter, the Trustee objected to the Exemption Claim on three discrete grounds: *first*, that the Debtor did not principally reside at the Property on the Petition Date; *second*, that

---

[1]The residence was subsequently identified and acknowledged as the Property.

the Homestead reaches only the Declarant's life estate and not the Debtor's tenancy in common which must be the subject of the Debtor's separate declaration; and *third*, that, for Homestead purposes, the Declarant's family is comprised of the Parents and does not include the Debtor because she is not a minor ("Exemption Objection").

On December 8, 2005, the Court held a hearing on the Exemption Claim and the Exemption Objection. At that hearing, and for the purposes of the Exemption Objection, the Trustee conceded that the Debtor principally resided at the Property on the Petition Date. Accordingly, I will treat the Exemption Objection as modified by the Trustee's concession.

At issue is whether the Debtor is protected by the Homestead.

## **DISCUSSION**

a.  **Framework**

*1. Bankruptcy Law*

Section 522(d)(2) of the Bankruptcy Code affords the Debtor the opportunity to elect the exemptions available under non-bankruptcy federal, state, and local law. 11 U.S.C. § 522(d)(2). This non-bankruptcy exemption law includes the Massachusetts homestead law, M.G.L.A. c.188, § 1 et seq. ("Homestead Statute"). The Debtor made the election with respect to the Property under the Homestead Statute.

*2. The Homestead Statute*

Two key sections of the Homestead Statute are implicated in this matter: the acquisition section and the continuance section. The acquisition section reads in pertinent part as follows:

> An estate of homestead to the extent of $500,000 in the land and
> buildings may be acquired . . . by an owner or owners of a home or

2

> one or all who rightfully possess the premise by lease or otherwise
> and who occupy or intend to occupy said home as a principal
> residence.
>
> . . . an owner of a home shall include a sole owner, joint tenant,
> tenant by the entirety or tenant in common; provided, that only one
> owner may acquire an estate of homestead at any such home for the
> benefit of his family; and provided further, that an estate of
> homestead may be acquired on only one principal residence for the
> benefit of a family. For the purposes of this chapter, the word
> "family" shall include either a parent and child or children, a
> husband and wife with their children, if any, or a sole owner.

G.L. c.188, § 1 ("Section One"). The Debtor argues that Section One governs this matter.

The continuance section of the homestead statute reads in pertinent part as follows:

> The estate of homestead existing at the death of a person holding a
> homestead shall continue for the benefit of the surviving spouse
> and minor children and shall be held and enjoyed by them...until
> the youngest unmarried child is eighteen and until the marriage or
> death of the spouse . . . .

G.L. c. 188, § 4 ("Section Four"). The Trustee argues that Section Four governs this matter.

*3. Rules of Construction*

A variety of established judicial rules, principles, and directives has developed around and within the statutory framework, and, in varying degrees, is particularly useful in the determination of this matter.

Homestead exemptions must be liberally construed in favor of debtors. *Dwyer v. Cempellin,* 424 Mass. 26, 29 (1996); *Shamban v. Masidlover,* 429 Mass. 50, 53 (1999). Ambiguities and doubts as to statutory interpretation are likewise liberally construed in favor of debtors. *In re Edwards,* 281 B.R. 439, 445. Where the statutory language regarding exemptions is clear, it should be given its plain and ordinary meaning. *In re Garran,* 338 F.3d 1, 6 (1st Cir. 2003). The purpose of the Homestead Statute is to protect a home from claims of creditors for

3

the benefit of the homestead declarant and his family. *In re Fiffy,* 281 B.R. 451, 454 (Bankr.D. Mass. 2002). The Trustee bears the burden of proving that the Exemption Claim should be disallowed. FED. R. BANKR. P. 4003(c).

*4. The Homestead Protections*

As reflected in Section Four, the Homestead Statute protects a property occupied (or intended to be occupied) as a principal residence by a declarant and his family members (if any). Consensual liens are recognized; equity value up to $500,000 is preserved as exempt from creditors and the claims collection process; and equity value above $500,000 is available to creditors or a trustee in bankruptcy. In effect, one may view the homestead estate as protecting not the declarant's legal interest in the home or the home itself but rather the economic interest in the home of the declarant and his family members. See *Richards v. Chace,* 68 Mass. 383 (1854); *White v. Rice,* 87 Mass. 73 (1862).

b.    **Positions**

*1. The Debtor*

The *Debtor* argues as follows: the Homestead was properly acquired by her mother, the Declarant; the Homestead extends to and benefits the Declarant and her family members; she (the Debtor) is member of the Declarant's family and, as such, is entitled to the benefits of the Homestead; and as a principally resident co-owner who is a member of the Declarant's family, she (the Debtor) may not herself acquire a separate homestead estate in the Property.

4

*2. The Trustee*

The *Trustee* argues as follows: as co-owners, the Declarant and the Debtor have separate legal interests in the Property which require separate declarations for each to acquire a homestead estate; the Debtor is not a member of the Declarant's family for Homestead purposes because she is not a minor child of the Declarant; and, as a non-family member and co-owner with no separate declaration, the Debtor has no homestead estate under Massachusetts state law as to which she may claim an exemption under federal bankruptcy law.

c.    **Analysis**

Given the statutory framework, the matter reduces to this: is the Debtor covered under the Homestead as either a co-owner or a family member. Each party invokes the Homestead Statute and, in particular, Judge Rosenthal's decision in *In re Cassese*, 286 B.R. 472 (Bankr.D.Mass. 2002). The *Cassese* facts are comparable though not squarely on point, and the decision itself helpful though not fully dispositive.

In *Cassese*, ex-spouses, after their divorce, both occupied the former marital home as their principal residence together with their minor children. Upon divorce, the ex-spouses became tenants in common as to the former marital home. The ex-husband, after the divorce, acquired a Massachusetts homestead estate. The wife made no such acquisition. Rather, in her bankruptcy case, the ex-wife claimed a Massachusetts homestead exemption under her ex-husband's Massachusetts homestead estate.

Judge Rosenthal reasoned as follows: as a co-owner but not a family member (due to the divorce), the ex-wife could only obtain homestead protections by a separate declaration in her own right and had not done so. Judge Rosenthal denied the ex-wife's homestead exemption

claim. Here, the circumstances and relationships differ in a key respect: the co-owners are not *ex-spouses* but declarant *mother* and non-declarant adult *daughter*, both principally resident at the Property.

As a general proposition, I find the statutory language quite clear: it precludes *multiple* declarations by owners within the same family and requires *separate* declarations by co-owners on behalf of different families. Following the reasoning of *Cassese*, if the Debtor is *not* a member of the Declarant's family, then she must acquire her own homestead estate. If she *is* a member, then she cannot make such an acquisition but has the protections of her mother's homestead estate. Hence, the statutory text with respect to family membership decides the issue.

*1. The Debtor is a Family Member*

Ordinarily, the determination of family membership would begin and end with the biological fact of the mother/daughter relationship. However, the Trustee contends that the Homestead Statute itself effectuates a severance of that relationship for Homestead purposes notwithstanding that biological fact. Specifically, in determining family membership for the purposes of Section One (which governs the *acquisition* of a homestead estate and defines family membership), the Trustee invokes Section Four (which governs the *continuance* of a homestead estate after the declarant's death). The Trustee contends that, because Section Four ends the homestead estate after the declarant's death upon the majority of the youngest minor child, the Section One homestead protection is not available to an adult child of a living declarant where both principally reside in the family home. In so contending, the Trustee discerns a "preference" in the Homestead Statute for minor children.

The Court can locate no such preference. Rather, as noted, Section One extends the

homestead benefits to members of a "family" and defines "family" to include "a husband and a wife and their children." Section One contains no limitation whatsoever on "children" (whether minor, adoptive, disabled, or otherwise). The Trustee's attempt to export the minor child limitation from Section Four (*the continuance* section) into the family definition in Section One (the *acquisition* section) is barred by the plain and explicit text of the latter section.

### 2. Continuance is Not the Issue

Moreover, in this case, the Declarant is living and the continuance section is not here applicable. Were the Declarant dead, the outcome might be otherwise, but she is alive, and I am unwilling to construe the statute as mandating (or even permitting) the *present* application of Section Four based upon *future* events.

### 3. Discrimination is not a Liberal Construction

Lastly, I find the Trustee's position at variance with the requisite liberal construction that the courts have consistently employed regarding exemptions. The Trustee's position—that an adult child living with a declarant parent in the family home as a principal resident is not a family member for homestead purposes—produces restrictive and discriminatory results. Following the Trustee's logic, a co-owning adult child principally resident in the family home with a declarant parent must make a separate declaration to acquire homestead protections (and acquires such protections if she does so) while a non-owning adult child in the same living situation has no homestead protections at all and cannot acquire any because she has no separate legal interest and is not a family member. I nowhere perceive in the statute any such restrictive or discriminatory legislative intent, and I am unwilling to ascribe one.

## CONCLUSION

In summary, I find that, as of the Petition Date, the Debtor is a co-owning family member of the Declarant, barred from acquiring her own separate homestead estate but entitled to the benefits of the homestead estate of her mother. Accordingly, the Exemption Claim is properly made and fully effective to protect the Property from the Debtor's creditors and to exempt it from property of her bankruptcy estate. A separate order will enter accordingly.

Dated: January 17, 2006

_Robert Somma_
Robert Somma
United States Bankruptcy Judge

cc: Christopher Lee, Esq., for Trustee
    Dennis Doyle, Esq., for Debtor